IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL ROBERT PITTS, ID # 1109410, | ) | |
|     Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 3:05-CV-0612-G (BH) |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Dallas County conviction in Cause No. F01-75902-I for burglary of a habitation.[1] Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On July 17, 2002, petitioner was convicted of burglary of a habitation. (Pet. Writ Habeas Corpus (Pet.) at 2.) On July 31, 2003, the court of appeals affirmed his conviction. *Pitts v. State*, No. 11-02-00247-CR, 2003 WL 21757481, at *1 (Tex. App. – Eastland July 31, 2003, no pet.). Petitioner filed no petition for discretionary review (PDR). (Pet. at 3.) On October 29, 2003, the

---

[1] Although petitioner at times seems to invoke 28 U.S.C. § 2241(c) as the basis for this action, (*see* Pet. at 1, Mem. at 1, 23), he clearly relies on § 2254, (*see* Mem. at 1, 23). The Court declines to consider the action as arising under § 2241, because § 2254 provides the proper jurisdictional basis for this action.

court of appeals issued its mandate. *See Pitts v. State*, No. 11-02-00247-CR, http://www.11thcoa.courts.state.tx.us/opinions/case.asp?FilingID=6208 (accessed Dec. 4, 2006) (Official internet site of the Eleventh Court of Appeals). On December 3, 2003, the Court of Criminal Appeals dismissed petitioner's first state application for writ of habeas corpus (WR-57,322-01) because his appeal was still pending. *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2142231 (accessed Dec. 4, 2006). On August 2, 2004, petitioner filed a second state application for writ of habeas corpus (WR-57,322-02), (*see* Answer to Question 1 of Magistrate Judge's Questionnaire), that the Court of Criminal Appeals denied November 3, 2004, *see* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2176165 (accessed Dec. 4, 2006).

Petitioner filed the instant petition on March 23, 2005, when he placed it in the prison mail system. (Pet. at 9); *see also Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). Petitioner claims that he received ineffective assistance of counsel at trial in several respects, including failures to show that he was "common law married" to the victim and to obtain a jury instruction on self defense. (Pet. at 7; Mem. at 4-12.) He further claims that he was convicted on an invalid or defective indictment, and that the trial court abused its discretion. (Pet. at 7-8; Mem. at 13-23.) Although he does not raise actual innocence as a claim, he asserts that he is actually innocent on the face of his petition and throughout his supporting memorandum. (Pet. at 1; Mem. at 12, 17-18, 20.) He specifically asserts that the instant action is not time-barred due to his "actual/factual innocence." (Mem. at 12, 17.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

3

In this case, petitioner appealed his conviction but filed no PDR. The state conviction therefore becomes final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.*, thirty days after the appellate court rendered its judgment on July 31, 2003. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (rejecting reliance upon the date of mandate and relying on TEX. R. APP. P. 68.2 for the thirty day period to file a PDR). If the thirtieth day "is a Saturday, Sunday, or legal holiday, the period extends to the first day that is not a Saturday, Sunday, or legal holiday." Tex. R. App. P. 4.1(a). Because the thirtieth day in this case falls on a Saturday and because Labor Day fell on Monday, September 1, 2003, petitioner's state judgment of conviction became final on Tuesday, September 2, 2003.

With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief also became known or could have become known prior to the date petitioner's state judgment of conviction became final on September 2, 2003. At or before trial, petitioner would have known the factual predicate of his various claims.

Because petitioner filed his petition more than one year after his conviction became final on September 2, 2003, a literal application of § 2244(d)(1) renders his March 23, 2005 filing untimely.

### III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was

4

pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

Because the Court of Criminal Appeals dismissed petitioner's first state petition due to his pending appeal, petitioner did not properly file such petition so as to invoke the statutory tolling provision of 28 U.S.C. § 2244(d)(2). *See Larry v. Dretke*, 361 F.3d 890, 895 (5th Cir. 2004) (holding that a state application for writ of habeas corpus that is erroneously accepted by a court which lacks jurisdiction over the writ is not properly filed); *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000) (holding that the Texas Court of Criminal Appeals has no jurisdiction over a state writ until the court of appeals finally decides the direct appeal by issuing its mandate). Petitioner did not properly file a state application until August 2, 2004.

By the time petitioner filed his second state petition he had used approximately eleven months out of the year he had to timely file a federal petition. The filing of his second petition, nevertheless, tolled the statute of limitations until the Court of Criminal Appeals denied the petition on November 3, 2004. The AEDPA clock began to run again on November 4, 2004, and the remaining time in the statutory period of limitations elapsed in December 2004. By the time petitioner filed the instant federal petition on March 23, 2005, the statutory period of limitations had already expired. He is therefore not entitled to statutory tolling.

In addition, nothing in the petition or supporting memorandum indicates that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling); *Henderson* v. *Johnson*,

5

1 F. Supp. 2d 650, 654 (N.D. Tex. 1998) (same). Although petitioner claims to be actually innocent of the crime for which he has been convicted, a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent", *see Felder v. Johnson*, 204 F.3d 168, 171 & n.8 (5th Cir. 2000).

Petitioner, furthermore, has not shown that he is actually innocent. He essentially quarrels with his conviction because of his alleged common law marriage to the victim, his alleged residency at the offense location, and alleged self-defense. However, under Texas law, a marital relationship gives no implied consent to break and enter and does not authorize a husband to break and enter premises occupied by an estranged wife. *Stanley v. State*, 631 S.W.2d 751, 753 (Tex. Cr. App. 1982). Moreover, because the victim had obtained a "protective order . . . on April 16, 2001, prohibiting [petitioner] from going within 500 feet of her residence", *see Pitts v. State*, No. 11-02-00247-CR, 2003 WL 21757481, at *1 (Tex. App. – Eastland July 31, 2003, no pet.), the victim had a greater right to control the premises than petitioner whether or not he had prior consent to enter the residence, *see Ex parte Davis*, 542 S.W.2d 192, 196 (Tex. Cr. App. 1976) (holding that a court-entered injunction negates all rights to enter the home by the enjoined person). Petitioner, furthermore, has shown no viable self-defense theory.

In any event, a petitioner "is not entitled to equitable tolling" unless he "diligently pursue[s] his § 2254 relief." *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). By taking approximately eight months after the dismissal of his first state habeas application to file his second such application and another approximate four months to file his federal petition after the denial of his second state habeas application, petitioner has not diligently pursued federal habeas relief.

6

Because neither statutory nor equitable tolling save petitioner's March 23, 2005 filing, the filing falls outside the statutory period of limitations and should be deemed untimely.

## III. EVIDENTIARY HEARING

Based upon the information before the Court, the instant action is untimely and an evidentiary hearing appears unnecessary.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED** this 5th day of December, 2006.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE